**NEW YORK SHIPBUILDING
CORPORATION**

v.

**UNITED STATES of America,
Appellant.**

No. 15402.

United States Court of Appeals
Third Circuit.

Argued May 3, 1966.

Decided May 17, 1966.

Harry Marselli, Dept. of Justice, Washington, D. C. (Richard M. Roberts, Acting Asst. Atty. Gen., Meyer Rothwacks, Harold C. Wilkenfeld, Attorneys, Department of Justice, Washington, D. C., David M. Satz, Jr., U. S. Atty., Lee B. Laskin, Asst. U. S. Atty., on the brief), for appellant.

Mark Hulsey, Jr., Jacksonville, Fla. (Joseph M. Glickstein, Jacksonville, Fla., William C. Davis, Camden, N. J., Glickstein, Crenshaw, Glickstein & Hulsey, Jacksonville, Fla., Starr, Summerill & Davis, Camden, N. J., on the brief), for appellee.

Before FORMAN, GANEY, and FREEDMAN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

This appeal involves a construction of the Korean War excess profits tax. The United States District Court for the District of New Jersey granted appellee a $51,779.13 refund, plus statutory interest, from excess profits taxes paid for the years 1950, 1951, 1952 and 1953. A strike from August 8, 1947 through October 17, 1947 was ruled an event "unusual and peculiar in the experience of such taxpayer," 26 U.S.C. § 442(a) (1), so as to qualify appellee for a recomputation upward of its average base period net income, which resulted in a diminution of its war profits during the Korean conflict, thus lowering its excess profits taxes. New York Shipbuilding Corporation v. United States, 237 F.Supp. 995 (D.N.J.1965).

Appellant urges that the District Court erred in refusing to accept the theory of its Treasury Regulation, 26 C.F.R. § 40.442–2 (1953 Revision), that any deviation from normal production, caused by an "unusual and peculiar" event, may only be measured by the taxpayer's actual business experience up to the time that "unusual and peculiar" event occurred. We have examined this contention and have concluded that Congress would not have intended to so unrealistically constrict the method for determining what a taxpayer's normal production would have been for a given year. See Oxford Paper Company v. C. I. R., 302 F.2d 674 (2 Cir. 1962). In the instant case, past experience would not have been an adequate guideline. Appellee's industrial operation affected by the "unusual and peculiar" event had not been performing for a sufficient period of time for past experience to have been an accurate barometer. Furthermore, the factual circumstances, the absence of accumulated inventories, for example, made the use of projected sales loss a reliable guide to normal production.

Appellant has, however, also contended that normal production must be measured only by the physical output of goods, not by projected lost sales and unproductive expenses. We have concluded that the projected lost sales here are realistically equivalent to the diminution of the physical output of appellee and, as such, is an acceptable standard of measurement. We also consider the weighing of unproductive expenses appropriate herein.

The judgment of the United States District Court for the District of New Jersey will be affirmed.