**Roger L. BORDINE et al., Plaintiffs,**

v.

**EVANS PRODUCTS COMPANY, a Delaware Corporation, Individually and as Plan Administrator of the Evans Products Local # 2340 Pension Trust, Defendant.**

**Civ. A. No. 7–71652.**

United States District Court,
E. D. Michigan, S. D.

April 6, 1978.

James A. Carlin, Detroit, Mich., for plaintiffs.

Elliott H. Phillips, W. Merritt Jones, Jr., Hill, Lewis, Adams, Goodrich & Tait, Detroit, Mich., for defendant.

MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This is a pension benefits case. Plaintiffs Roger L. Bordine, et al., are former employees of defendant Evans Products Company and former participating employees under the Evans Products Company pension program. Evans Products Company is a corporation organized under the laws of the State of Delaware and doing business in Plymouth, Michigan. The issue presented by the complaint and by defendant's motion for summary judgment is whether a pension plan provision allowing Worker's Compensation benefits to be offset against the amount of any pension payable under the plan violates the minimum vesting standards of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). For reasons set forth more fully herein, this court holds that Worker's Compensation benefits may be offset against accrued benefits, which are derived from employer contributions, payable under a plan that permits such an offset.

There is no genuine issue of material fact. Defendant's pension plan is the result of negotiations between the bargaining representatives of the United Steel Workers Local 2340 and the defendant. Paragraph 13 of Section 3 of that plan states in pertinent part:

DEDUCTION OF COMPENSATION PAYMENTS.

Any amount paid to or on behalf of any employee or pensioner on account of injury or occupational disease causing disability in the nature of a permanent disability for which the Company is liable, whether pursuant to workmen's compensation or occupational disease laws, or arising otherwise from the statutory or common law, (except fixed statutory payments for the loss of any bodily member), and any such payments on account of employment by an employer other than the Company, and any disability payments in the nature of a pension under any federal or state law, shall be deducted from or charged against the amount of any pension payable under this Pension Agreement . . . . .

The pension benefits being offset in this case are entirely derived from company contributions. Section 411 of Title 26 U.S.C. and 29 U.S.C. § 1053 set forth virtually identical minimum vesting standards for qualified pension plans such as the plan in this case. Each of these sections states that, subject to certain exceptions, a pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable [1] upon the attainment of normal retirement age. An employee's rights in his accrued benefit derived from that employee's own contributions are specifically designated as nonforfeitable. An employee's right to receive accrued benefits derived from the employer's contribution is governed by minimum vesting standards

set forth in three alternative plans for vesting. Each section then goes on to specify certain permitted forfeitures of the employee's accrued benefits derived from employer contributions. The offset by the employer of Worker's Compensation payments against pension benefits payable to the employee is not among the enumerated permitted forfeitures.

However, Federal Income Tax Regulation 1.411(a)–4 provides further elaboration on permitted forfeitures. This regulation is explicitly designed to provide "necessary guidance to the public for compliance with" ERISA and other pertinent tax laws by specifying "rules relating to permissible forfeitures, suspensions, etc., of vested rights." 42 Fed.Reg. 42318–20 (1977). Section 1.411(a)–4(a) states in pertinent part:

*Nonforfeitability.*

Furthermore, nonforfeitable rights are not considered to be forfeitable by reason of the fact that they may be reduced to take into account benefits which are provided under the Social Security Act or under any other Federal or State law and which are taken into account in determining plan benefits. To the extent that rights are not required to be nonforfeitable to satisfy the minimum vesting standards, or the nondiscrimination requirements of section 401(a)(4), they may be forfeited without regard to the limitations on forfeitability required by this section.

42 Fed.Reg. 42326–27 (1977). This regulation would permit Worker's Compensation payments to be offset against pension benefits payable to the employee without violating the minimum vesting standards of ERISA.

While permitting the offset in question, Section 1.411(a)–4(a) does not make any

---

1. Section 1002(19) of Title 29 of the United States Code states as follows:

The term 'nonforfeitable' when used with respect to a pension benefit or right means a claim obtained by a participant or his beneficiary to that part of an immediate or deferred benefit under a pension plan which arises from the participant's service, which is un-

conditional, and which is legally enforceable against the plan. For purposes of this paragraph, a right to an accrued benefit derived from employer contributions shall not be treated as forfeitable merely because the plan contains a provision described in section 1053(a)(3) of this title.

.

distinction between an offset against accrued benefits derived from employee contributions and accrued benefits derived from employer contributions. If the regulation stated nothing more, the offset could be made against accrued benefits from either source. However, subsection (b) of 1.411(a)–4 addresses this distinction as follows:

> (b) *Special rules.* For purposes of paragraph (a) of this section a right is not treated as forfeitable—
>
> . . . .
>
> (ii) *Employee contributions.* A participant's right in his accrued benefit derived from his own contributions must be nonforfeitable at all times. Such a right is not treated as forfeitable merely because, after commencement of annuity or pension payments in a benefit form provided under the plan, the participant dies without receiving payments equal in amount to his nonforfeitable accrued benefit derived from his contributions determined at the time of commencement.

42 Fed.Reg. 42326–27 (1977). The language preceding subsection (b)(1)(ii) indicates that subsection (b) in its entirety is to be read as limiting or modifying the entire substance of subsection (a) as to the definition of forfeitability. Although subsection (b)(ii) deals with the specific topic of the status of employee contributions upon the death of the employee, it recognizes that as a general proposition an employee's right to accrued benefits from his own contributions is nonforfeitable at all times except for the specified limited exception not relevant to the issue in this case. Pursuant to this statement of the general nonforfeitability of accrued benefits derived from employee contributions, no offset may be taken against accrued benefits derived from employee contributions pursuant to subsection (a). This result is entirely consistent with the permitted forfeitures set forth in 26 U.S.C. § 411 and 29 U.S.C. § 1053 which are all limited to forfeitures of the right to an accrued benefit derived from employer contributions.

For the reasons set forth above, since all of the pension benefits being offset in this case are derived from employer contributions, the offset by the defendant of Worker's Compensation payments against the pension benefits payable to the plaintiffs is held to comport with the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* Defendant's motion for summary judgment is therefore granted.

So ordered.