Henry BUCZYNSKI, Alex Borusovic, and other retirees similarly situated, Plaintiffs,

v.

GENERAL MOTORS CORPORATION, Defendant.

Civ. No. 77–1644.

United States District Court, D. New Jersey.

Aug. 24, 1978.

Lester Weiner & Associates by Marc C. Gettis, Roselle Park, N. J., for plaintiffs.

Carpenter, Bennett & Morrissey by Laurence Reich, Newark, N. J., for defendant.

## MEMORANDUM OPINION

LACEY, District Judge.

Plaintiffs in this class action [1] are retired employees of defendant General Motors Corporation who had been receiving retirement pension benefits from the defendant pursuant to a pension plan negotiated between the defendant and plaintiffs' union. After the plaintiffs received worker's compensation payments pursuant to New Jersey's Worker's Compensation Act,[2] the defendants reduced the plaintiffs' benefits under the plan by an amount equal to those payments, pursuant to Article IV, Section 2, of the plan.

The plaintiffs contend that the defendant cannot lawfully make such deductions in their pension benefits. They seek reimbursement of all pension benefits thus withheld and a permanent injunction against all such future deductions which are predicated upon the receipt of worker's compensation payments.

For the reasons set forth below, the plaintiffs are entitled to the relief they seek.

◼ Dealing first with the issue of subject matter jurisdiction in this removed matter, 28 U.S.C. § 1441, I conclude I have such jurisdiction to decide the issues. Even were there any question about the propriety of removal by the defendant, neither side has questioned it. Since it is clear I would have had original jurisdiction over the claims presented here, a valid judgment can

---

1. The certified class consists "of those persons who are retired members of the General Motors Corporation Hourly-Rate Employees' Pension Plan who retired under the provisions of said Pension Plan as set forth in Exhibit A–1 to the Agreement between General Motors Corporation and the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, dated November 11, 1970, November 19, 1973, or November 22, 1976, who retired with benefits payable for months commencing on or after April 1, 1971, and who, at the time of their retirement, were employed by General Motors Corporation in New Jersey." See order filed August 9, 1978.

2. N.J.S.A. 34:15–1 et seq.

be entered with respect to them.[3] *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699, 702, 92 S.Ct. 1344, 31 L.Ed.2d 612 (1972).

The complaint as filed alleges that the plaintiffs are retired employees of the defendant, that they have been receiving pension benefits under a Pension Plan Agreement between their union and the defendant, that they have obtained judgments entitling them to worker's compensation benefits, and that the defendant threatens to reduce their pension benefits because they have recovered worker's compensation benefits. The complaint sets forth Article IV, Section 2 of the Pension Plan Agreement:

In determining the monthly benefits payable under this Plan, a deduction shall be made *unless prohibited by law*, equivalent to all or any part of Workmen's Compensation (including compromise or redemption settlements) payable to such employe by reason of any law of the United States, or any political subdivision thereof, which has been or shall be enacted, provided that such deductions shall be to the extent that such Workmen's Compensation has been provided by premiums, taxes or other payments paid by or at the expense of the Corporation, except that no deduction shall be made for the following:

(a) Workmen's Compensation payments specifically allocated for hospitalization or medical expense, fixed statutory payments for the loss of any bodily member, or 100% loss of use of any bodily member, or payments for loss of industrial vision.

(b) Compromise or redemption settlements payable prior to the date monthly pension benefits first become payable.

(c) Workmen's Compensation payments paid under a claim filed not later than two years after the breaking of seniority. (emphasis added)

The complaint then alleges that the deductions threatened by the defendant are now in violation of a recent amendment to New Jersey's Worker's Compensation Act[4] which provides that:[5] "The right of compensation granted by this chapter may be set off against disability pension benefits or payments but shall not be set off against employees' retirement pension benefits or payments." The complaint concludes with a prayer for a permanent injunction against the threatened deductions.

Plaintiffs' action, therefore, is predicated upon an alleged breach or violation of the "unless prohibited by law" clause of the Pension Plan Agreement.[6] Thus they argue that, since Article IV, Section 2 of the Pension Plan Agreement bars the defendant from offsetting pension benefits against worker's compensation benefits where "prohibited by law," and the New Jersey Worker's Compensation Act embodies such a prohibition, the continued deductions violate the express provisions of the Pension Plan Agreement.

■ The complaint did not advance a claim founded upon a theory that the offset provision is unlawful under ERISA. That claim was first raised indirectly when plaintiffs' counsel brought to this court's attention the recently decided *Utility Workers Union of America v. Consumers Power Co.*, 453 F.Supp. 447 (E.D.Mich. 1978). The defendant's response was not a claim of prejudice by reason of a belated addition to

---

**3.** Thus, this court would have had original subject matter jurisdiction over the instant action under the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a) and under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1132(f), 1132(a)(3).
Moreover, this court has removal jurisdiction over plaintiffs' state court action under 28 U.S.C. § 1441(a), (b), predicated upon 29 U.S.C. § 185(a).

**4.** There is no allegation that defendant threatens to make the deductions in plaintiffs' pension benefits contrary to the three exceptions to the offset provision contained in subdivisions (a), (b), or (c) of Article IV, Section 2 of the Pension Plan Agreement.

**5.** L.1977, c. 156 § 1, eff. July 14, 1977, amending N.J.S.A. 34:15–29.

**6.** Subsequent to the filing of the complaint, the defendant has been making the deductions in plaintiffs' pension benefits and has made it clear that it will continue to do so.

plaintiffs' bag of legal theories of recovery.[7] Instead, the defendant responded by referring the court to another case [8] in the same court, the Eastern District of Michigan, which was decided contrary to the *Utility Workers* case.

The defendant, as I have noted, admits all of the material allegations necessary to a decision on the question of whether ERISA itself bars the offset involved, including that the pension plan falls within the coverage of ERISA. *See* 29 U.S.C. § 1003.

▪ Thus, I perceive no prejudice to the defendant in addressing the issue of the lawfulness of the offsetting in question under 29 U.S.C. § 1053 of ERISA. *See* 5 Wright & Miller, Federal Practice and Procedure, § 1219.[9]

### The Offset Provision of the Pension Plan Is Unlawful Under ERISA

The minimum vesting standards provision of ERISA, 29 U.S.C. § 1053, provides in pertinent part that:

(a) Each pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age and in addition shall satisfy the requirements of paragraphs (1) and (2) of this subsection.

(1) A plan satisfies the requirements of this paragraph if an employee's rights in his accrued benefit derived from his own contributions are nonforfeitable.

(2) A plan satisfies the requirements of this paragraph if it satisfies the requirements of subparagraph (A), (B), or (C).

(A) A plan satisfies the requirements of this subparagraph if an employee who has at least 10 years of service has a nonforfeitable right to 100 percent of his accrued benefit derived from employer contributions.[10]

\* \* \* \* \* \*

In *Utility Workers*, it was held that a provision in a pension plan falling within the coverage of ERISA which provides that retirement pension benefits are to be offset against worker's compensation benefits is unlawful under ERISA, 29 U.S.C. § 1053. This court is in full agreement with the well-reasoned opinion in that case.[11]

Under ERISA, a pension plan must provide that an employee's rights in his ac-

---

**7.** The defendant contended only that the ERISA claim was "entirely outside the scope of the pleadings and proof now before the court" and that the *Utility Workers* case was therefore irrelevant. Letter to Court, dated July 26, 1978.

**8.** *Bordine v. Evans Products Co.*, 453 F.Supp. 19 (E.D.Mich. 1978).

**9.** Once a federal court has removal jurisdiction, a party may amend his complaint to assert a federal claim that could not have been presented in the state court. *Freeman v. Bee Machine Co.*, 319 U.S. 448, 63 S.Ct. 1146, 87 L.Ed. 1509 (1943). This court has removal jurisdiction over plaintiffs' breach of contract claim which was asserted in state court. *See* n.3 *supra*. Thus, under *Freeman*, the plaintiffs could have amended their complaint here to assert the unlawfulness of the offset provision under ERISA, 29 U.S.C. § 1053, a claim over which this court has original subject matter jurisdiction under 29 U.S.C. § 1132(f).

**10.** Subparagraph (B) provides for an alternate pension plan under which an employee can obtain a nonforfeitable right to an increasingly higher percentage of his accrued benefit de-

rived from employer contributions depending upon his years of service. For example, an employee who has served at least 5 years would have a nonforfeitable right to 25% of his accrued benefit, while an employee who had served at least 15 years would have a nonforfeitable right to 100% of his accrued benefit.

Subparagraph (C) provides for yet a third alternate pension plan under which an employee can obtain a nonforfeitable right to an increasingly higher percentage of his accrued benefit derived from employer contributions depending upon his years of service and his age. For example, where an employee has served at least 5 years and the sum of his age and service is at least 45, he has a nonforfeitable right to 50% of his accrued benefit; but where an employee has at least 10 years of service and the sum of his age and service is at least 55, he has a nonforfeitable right to 100% of his accrued benefit.

It is immaterial whether plaintiffs' pension plan is one predicated upon subparagraph (A), (B), or (C) of 29 U.S.C. § 1053(a)(2).

**11.** This court rejects the contrary holding in the case of *Bordine, supra* note 8.

crued benefits derived from his own contributions is nonforfeitable.[12] The pension plan must also provide that an employee has a nonforfeitable right to a certain percentage of his accrued benefit derived from employer contributions,[13] the particular percentage depending upon (1) his years of service or (2) his years of service and his age.

■ When a pension plan, such as the one under consideration here, makes the employee's right to a certain percentage of his accrued benefit derived from employer contributions conditional upon a factor other than years of service or years of service and age, the plan is unlawful, unless the factor is one of those set forth in 29 U.S.C. § 1053(a)(3).

■ The pension plan herein makes the plaintiffs' rights to their accrued benefits conditional upon their not obtaining worker's compensation benefits. Such a factor is not one of those set forth in 29 U.S.C. § 1053(a)(3)[14] As a result, the pension plan is unlawful.[15]

*The Offset Provision of the Pension Plan Is Void Under the "Unless Prohibited By Law" Clause of the Pension Plan*

As noted previously, the Pension Plan Agreement between the defendant and the plaintiffs' union provides that retirement pension benefits may be offset against worker's compensation benefits "unless prohibited by law." At the final hearing in this case on May 15, 1978, the testimony established that after a number of years' absence from the General Motors' pension plan, the offset provision reappeared in the 1970 pension plan.[16] The testimony also established that it was the defendant which proposed the reinsertion of the offset provision into the pension plan because there had been a "deluge" of worker's compensation cases from which the defendant sought "relief."[17] The "unless prohibited by law" clause was also proposed by the defendant. The "unless prohibited by law" clause "meant just as the language indicated, pure and simple, that if there were states then having state laws which prohibited an offset and if in the future there would be state laws that prohibited offset that would be applicable and it was just that pure and simple."[18]

The defendant admits that the deductions it is making in plaintiffs' retirement pension benefits are prohibited by the recent amendment to New Jersey's Worker's Compensation Act. The defendant contends, however, that that amendment is unconstitutional under the Supremacy Clause of the United States Constitution, in that it has been preempted by ERISA, 29 U.S.C. § 1144(a),[19] which provides that:

12. ERISA does not provide for any exceptions to the nonforfeitability requirement in the case of accrued benefits derived from employee contributions.

13. The court will assume that plaintiffs' pension plan is fully funded by the defendant.

14. 29 U.S.C. § 1053(a)(3) legalizes pension plans which provide that an employee's right to an accrued benefit is forfeitable if he dies, if he is employed in certain types of industries, if certain amendments are made retroactive, or if he withdraws any amount attributable to the benefit derived from mandatory contributions made by him.

15. In addition to *Utility Workers, see also Riley v. MEBA Pension Trust*, 570 F.2d 406, 409 (2d Cir. 1977).

16. The offset provision was continued in the 1973 and 1976 pension plans. All three plans contain the "unless prohibited by law" clause. Stipulation of December 7, 1977.

17. Testimony of Hubert Clodfelder, Union Negotiator, Hearing of May 15, 1978, Tr. at 8. The pension plan being negotiated was to apply to 130 General Motors plants located in at least 30 states.

18. *Id.* at 10.

19. The defendant also contends that the New Jersey statute is preempted by the National Labor Relations Act, as amended, 29 U.S.C. § 141 *et seq.* This contention, however, is without merit, since the parties specifically agreed that the offset provision of the pension plan would be inapplicable if it was prohibited by state law. By applying the recent amendment to New Jersey's Worker's Compensation Act to bar the offset of pension benefits against worker's compensation benefits, this court

(a) Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supercede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title. This section shall take effect on January 1, 1975.

■ As I have already indicated in the preceding section of this opinion, the offset provision of the pension plan is unlawful under ERISA, 29 U.S.C. § 1053. The New Jersey statute, insofar as it is merely duplicative of ERISA, is preempted by that federal statute. *Rogers v. Larson*, 563 F.2d 617, 621 (3d Cir. 1977), appeal filed, 46 U.S. L.W. 3529 (U.S. Jan. 20, 1978).

However, assuming *arguendo* that ERISA does not outlaw the offset provision of the pension plan, it becomes necessary to determine whether the specific preemptive language of ERISA, 29 U.S.C. § 1144(a), renders the New Jersey statute null and void as applied to the facts of this case. If the New Jersey statute is not preempted by ERISA, the offset provision of the pension plan was rendered null and void by the "unless prohibited by law" clause of the pension plan when the recent amendment to New Jersey's Worker's Compensation Act became effective on July 14, 1977.

In determining whether the New Jersey statute is preempted,[20] this court is guided by the opinion of the Court of Appeals for the Third Circuit in the case of *Rogers v.*

*Larson, supra* at 620–21, wherein the court discussed the three preemption "tests":

The Supreme Court has . . . established three grounds upon which a local statute may be deemed pre-empted by federal law. It will be pre-empted (1) if "Congress has unmistakenly so ordained," or (2) if "the nature of the regulated subject matter permits no other conclusion" but pre-emption, or (3) if it violates the Supremacy Clause by standing "as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." (citations omitted) [21]

The touchstone of all three preemption tests is Congressional intent to preempt. *Rogers v. Larson, supra* at 621 n.8.

The defendant contends that the New Jersey statute is preempted under the first preemption test, in that Congress, through the specific preemptive language of ERISA, 29 U.S.C. § 1144(a), "unmistakenly" intended to preempt this state law.[22]

It is true that under ERISA, 29 U.S.C. § 1144(a), all state laws which "relate to" any employee benefit plan covered by ERISA are superseded. Although the New Jersey statute undoubtedly "relates to" pension plans in the broadest dictionary sense of that term, this court cannot agree with the defendant that the New Jersey statute "relates to" pension plans within the meaning of ERISA, 29 U.S.C. § 1144(a). Congress, to be sure, must have intended by that language to occupy the entire field of pension plan law to the exclusion of all state regulation. *See Allied Structural*

---

would be doing nothing more than enforcing the agreement between the parties reached after the give and take of collective bargaining.

**20.** The court reiterates that this discussion is predicated upon the assumption that the offset provision of the pension plan is *not* unlawful under ERISA.

**21.** With respect to the last two tests, the court explained that:

We understand the second test to mean that the subject matter of the federal and local laws is such that the two laws or regulatory schemes must inherently either conflict or be duplicative. That is, under this test it is impossible for there to be local regulation in

the subject area that does not conflict with or duplicate federal regulation.

The third test is applied when there is room in the subject area for both federal and local regulation. This test requires the court to examine both statutory schemes to determine if they can co-exist or if they conflict. *Rogers v. Larson*, 563 F.2d 617, 621 (3d Cir. 1977), appeal filed, 46 U.S.L.W. 3529 (U.S. Jan. 20, 1978).

**22.** The defendant does not argue that the New Jersey statute is preempted under either preemption test (2) or (3). It is clear to this court that the statute is not preempted under either of those tests.

*Steel Co. v. Spannaus*, —— U.S. ——, —— n.8, 98 S.Ct. 2716, 57 L.Ed.2d 727 (1978); *Malone v. White Motor Corp.*, 435 U.S. 497 n.1, 98 S.Ct. 1185, 55 L.Ed.2d 443 (1978); *Marshall v. Chase Manhattan Bank*, 558 F.2d 680, 683 (2d Cir. 1977). However, the New Jersey statute at issue here is in no way concerned with pension plans *qua* pension plans. On the contrary, the New Jersey statute is solely concerned with protecting the employee's right to worker's compensation disability benefits. This is clear from the language of the statute itself. The statute provides that worker's compensation benefits may be set off against *disability* pension benefits, but not against *retirement* pension benefits. Thus, under the statute an employee is not entitled to double compensation for a work-related disability, once under the Worker's Compensation Act, and once under his pension plan. On the other hand, an employee *is* entitled to be compensated at least *once* for his work-related disability. It is self-evident that if an employee can receive compensation for his work-related disability under New Jersey's Worker's Compensation Act just to have an equal amount taken away from his retirement pension benefits, the employee, in reality, has been deprived of compensation for his work-related disability.[23] *Utility Workers Union of America v. Consumers Power Co., supra* at 456 n.12. The New Jersey statute forbids such a result.

Congress, by enacting ERISA, and the specific preemptive language of 29 U.S.C. § 1144(a), could not have intended to prohibit states from protecting an employee's state-created right to worker's compensation benefits by enacting laws such as the one New Jersey enacted here. That Congress recognizes state law preeminence in the field of worker's compensation law is clear from ERISA itself which exempts from the coverage of ERISA an employee benefit plan "maintained solely for the purpose of complying with applicable workmen's compensation laws . . . ." 29 U.S.C. § 1003(b)(3).[24]

That New Jersey had a strong interest in enacting the recent amendment to its Worker's Compensation Act cannot be denied. That Act "was intended to place the cost of accidental injuries which are work-connected upon employers, who may provide for them as operating expenses. *Renshaw v. United States Pipe & Foundry Co.*, 30 N.J. 458, 153 A.2d 673 (1959); *Tocci v. Tessler and Weiss, Inc.*, 28 N.J. 582, 147 A.2d 783 (1959)." *Daniello v. Machise Express Co.*, 119 N.J.Super 20, 24, 289 A.2d 558 (Law Div.1972), *aff'd*, 122 N.J.Super. 144, 299 A.2d 423 (App.Div.1973). Where a disability is compensable under that statute, a common law suit by the employee against his employer is unavailable. *Dudley v. Victory Lynn Lines, Inc.*, 32 N.J. 479, 161 A.2d 479 (1960). Consequently, if an employer can avoid his statutory duty to provide compensation to his employees for work-related disabilities, the employee is without any remedy at all. If an employer can reduce an employee's retirement pension benefits by an amount equal to the employee's award of worker's compensation disability benefits, the employer has accomplished just that—he has avoided his statutory obligation to compensate the employee for his work-related disability. Thus, New Jersey had a strong interest in closing that "loophole" in its Worker's Compensation Act by enacting the recent amendment under consideration here.

In *Farmer v. Carpenters*, 430 U.S. 290, 302, 97 S.Ct. 1056, 1064, 51 L.Ed.2d 338 (1977), the Supreme Court stated that:

> Our cases indicate, however, that inflexible application of the [preemption] doctrine is to be avoided, especially where the State has a substantial interest in

---

**23.** It is obvious that an employer could not justify, upon any rational basis, giving one employee less retirement pension benefits than another employee solely on the basis that the former employee has a work-related disability while the latter does not.

**24.** This court assumes that plaintiffs' pension plan is not such a plan. Nevertheless, 29 U.S.C. § 1003(b)(3) is relevant to determining Congressional intent with respect to the term "relate to" in 29 U.S.C. § 1144(a).

regulation of the conduct at issue and the State's interest is one that does not threaten undue interference with the federal regulatory scheme.

While it is true that the Court in that case was speaking of the National Labor Relations Act, as amended, which, unlike ERISA, does not contain specific preemptive language, the statement is nevertheless relevant in discerning Congressional intent with respect to the term "relate to" in ERISA, 29 U.S.C. § 1144(a).

 The State of New Jersey's substantial interest in enacting the recent amendment to its Worker's Compensation Act has already been demonstrated. Moreover, this court cannot discern how that amendment threatens any interference with the federal regulatory scheme of ERISA, let alone undue interference. Finally, since the amendment simply does not relate to pension plans *qua* pension plans, but is instead directed towards protecting an employee's right to worker's compensation benefits, this court concludes that Congress did not intend to preempt the amendment by enacting ERISA and the preemptive language of 29 U.S.C. § 1144(a).[25]

## CONCLUSION

I hold as follows:

1. Plaintiffs are entitled to the relief they seek because the offset provision of their pension plan is unlawful under ERISA, 29 U.S.C. § 1053.

2. Assuming *arguendo* that Congress did not outlaw the offset provision by enacting ERISA, Congress did not intend ERISA to prohibit the states from outlawing such offset provisions. Consequently, the plaintiffs are entitled to the relief they seek because the offset provision of the pension plan was rendered null and void by the "unless prohibited by law" clause of the pension plan when the State of

New Jersey amended its Worker's Compensation Act on July 14, 1977 so as to prohibit offsets of retirement pension benefits against worker's compensation benefits.

---

**25.** Plaintiffs' contention that 29 U.S.C. § 1144(a) is inapplicable to the case at bar by reason of 29 U.S.C. § 1144(b)(1) is without merit. That provision provides as follows:

This section shall not apply with respect to any cause of action which arose, or any act

or omission which occurred, before January 1, 1975.

Consequently, this court has found it necessary to consider the meaning of 29 U.S.C. § 1144(a) as applied to the facts of this case.