**Henry BUCZYNSKI et al., Plaintiffs,**

v.

**GENERAL MOTORS CORPORATION, Defendants.**

Civ. No. 77–1644.

United States District Court, D. New Jersey.

Dec. 20, 1978.

---

134

Lester Weiner & Associates by Marc C. Gettis, Roselle Park, N. J., for plaintiffs.

Carpenter, Bennett & Morrissey by Laurence Reich, Newark, N. J., for defendants.

### OPINION

LACEY, District Judge.

The defendant moves for reconsideration of this court's decision embodied in an opin-ion and order filed August 24, 1978. 456 F.Supp. 867. That decision invalidated deductions by the defendant in the pension payments made to the plaintiffs in an amount equal to the value of payments received under the New Jersey Worker's Compensation Act, N.J.S.A. 34:15-1 *et seq.* Struck down was the pension plan's provision allowing this offset, Article IV, Section 2, on two separate grounds: first, that the offsets were unlawful under 29 U.S.C. § 1053; second, even if Congress did not forbid these pension deductions, New Jersey was not barred by the preemption doctrine from passing a law which effectively outlawed this offset under the "unless prohibited by law" clause of the plan.

The defendant, in its motion to reconsider, challenges both rationales upon which the earlier decision was grounded.

### 29 U.S.C. § 1053

The defendant's action, I previously had held, violated the minimum vesting section of ERISA, 29 U.S.C. § 1053, by failing to make nonforfeitable the plaintiffs' rights to their retirement benefits. The defendant, arguing that the offsets do not constitute a forfeiture within the meaning of ERISA, relies on Treas.Reg. § 1.411(a)–4(a), which provides:

> Furthermore, nonforfeitable rights are not to be considered to be forfeitable by reason of the fact that they may be reduced to take into account benefits which are provided under the Social Security Act or under any other Federal or State law and which are taken into account in determining plan benefits.

Two courts have applied this regulation to hold that deducting worker's compensation payments from pension payments does not offend ERISA's nonforfeitability requirement. *Bordine v. Evans Products Co.,* 453 F.Supp. 19 (E.D.Mich.1978); *Pavlovic v. Chrysler Corp.,* Civ.No. 7–70438 (E.D.Mich. January 10, 1978).[1]

---

1. *Contra, Utility Workers Union v. Consumers Power Co.,* 453 F.Supp. 447, 455 n. 11 (E.D. Mich.1978).

■ Plaintiffs have placed in issue the validity of the aforesaid regulation. Although Treasury Regulations are accorded great respect and are not lightly overruled, *see Bingler v. Johnson*, 394 U.S. 741, 749–51, 89 S.Ct. 1439, 22 L.Ed.2d 695 (1969), a Treasury Regulation that is inconsistent with Congressional enactments cannot stand. *United States v. Cartwright*, 411 U.S. 546, 557, 93 S.Ct. 1713, 36 L.Ed.2d 528 (1973). A regulation will be struck down if it is inconsistent with the plain wording of a federal statute, *Busse v. Commissioner of Internal Revenue*, 479 F.2d 1147, 1152–53 (7th Cir. 1973), or if the regulation "conflict[s] with the philosophy and avowed purpose of legislation." *New York Shipbuilding Corp. v. United States*, 237 F.Supp. 995, 999 (D.N.J.1965), *aff'd*, 362 F.2d 550 (3d Cir. 1966) (per curiam). Thus, the existence of a regulation does not end the inquiry.

First, the plaintiffs claim the Secretary of the Treasury is powerless to prescribe regulations affecting pension rights under 29 U.S.C. § 1053. This contention is without merit, for 29 U.S.C. § 1202(c) provides:

Regulations prescribed by the Secretary of the Treasury under sections 410(a), 411, and 412 of Title 26 . . . shall also apply to the minimum participation, vesting, and funding standards set forth in parts 2 and 3 of subtitle B of subchapter I of this chapter.

■ Treas.Reg. § 1.411(a)–4(a) was issued under 26 U.S.C. § 411, and 29 U.S.C. § 1053, entitled "minimum vesting standards," is located in part 2 of subtitle B of subchapter I. Accordingly, the Secretary of the Treasury had the authority to promulgate a binding regulation regarding § 1053.

Next to be considered is whether the aforesaid regulation is consistent with ERISA. The defendant's argument that it is requires careful analysis. First, the defendant points to 26 U.S.C. § 401, which states the requirements for qualifying a pension plan. One requirement is that the plan be nondiscriminatory. A plan is not considered discriminatory "merely because the contributions or benefits . . . differ because of any retirement benefits created under State or Federal law." § 401(a)(5). In interpreting this statute, the Internal Revenue Service has ruled that a plan could provide that worker's compensation benefits could be offset against pension benefits without the plan being discriminatory. Rev.Rul. 68–243. Next, the defendant notes that Congress, in enacting ERISA, did not modify 26 U.S.C. § 401(a)(5). Also, Congress explicitly stated that it "intend[ed] that the antidiscrimination rules of present law in areas other than the vesting schedule are not to be changed." H.R.Rep. No. 93–1280, 93d Cong., 1st Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News 4639, 5038, 5058. Thus, defendant argues, because the pre-ERISA rules permitted deductions for worker's compensation benefits and this policy regarding nondiscrimination was continued by Congress, it therefore follows that Treas.Reg. § 1.411(a)–4(a) is consistent with ERISA generally and with § 1053 in particular.

This convoluted skein of reasoning is unconvincing. First, it is questionable that Congressional intent concerning 26 U.S.C. § 401 indicates anything at all about Congressional intent as to nonforfeitability under § 1053. *See Riley v. MEBA Pension Trust*, 570 F.2d 406, 409 n. 3 (2d Cir. 1977). The legislative history of ERISA underscores this. Under the heading of "permitted forfeitures of vested rights," Congress declared that "an employee's rights, once vested, are [with certain exceptions] not to be forfeitable for any reason. An employee's rights to benefits attributable to his own contributions may never be forfeited." H.R.Rep. No. 93–1280, 93d Cong., 1st Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, 5038, 5052. The report then lists a series of exceptions to the principle that an employee's vested rights are not forfeitable. None of these exceptions mention worker's compensation.

Another difficulty with the defendant's interpretation results from ERISA's handling of the term "nonforfeitable". 29

U.S.C. § 1002(19) provides the definition.[2] Under this section, only the exceptions specifically included in § 1053 are consistent with nonforfeitability. Worker's compensation does not appear. Only deductions included in § 1053(a)(3) are exceptions to § 1002's definition of nonforfeitability. *See Riley v. MEBA Pension Trust, supra,* 570 F.2d at 409; *Utility Workers Union v. Consumer Powers Co., supra,* 453 F.Supp. at 456; *Keller v. Graphic Systems of Akron, Inc.,* 422 F.Supp. 1005, 1008 (N.D.Ohio 1976).

■ Based on these cases, I must conclude it is clear that Congress expected that pension benefits would generally be nonforfeitable, and that employees would forfeit benefits only under narrowly defined circumstances. Regulations promulgated must assist in achieving this goal. *See*

**2.** The term "nonforfeitable" when used with respect to a pension benefit or right means a claim obtained by a participant or his beneficiary to that part of an immediate or deferred benefit under a pension plan which arises from the participant's service, which is unconditional, and which is legally enforceable against the plan. For purposes of this paragraph, a right to an accrued benefit from employer contributions shall not be treated as forfeitable merely because the plan contains a provision described in § 1053(a)(3) of this title.

**3.** The defendant makes two other arguments to sustain its position. Noting that the same phrase appears in both 26 U.S.C. § 401(a)(5) and in 29 U.S.C. § 1082(c)(4)(A), the defendant takes this as evidence of the continued vitality of Rev.Rul. 68–243, which upheld offsets for Worker's Compensation as not being discriminatory for the purposes of 26 U.S.C. § 401(a)(4), thereby suggesting that § 1053 also allows offsets. As was said in *Utility Workers Union, supra*: "The language of the statute is clear and unambiguous. The reasoning of the defendant is tenuous and speculative. The Court chooses to follow the plain meaning of the statutory language." 453 F.Supp. at 456. The defendant also refers the court to 29 C.F.R. § 2605, stressing the language in the definitions in subsection 2:

"Pension Benefit" means a benefit payable as an annuity, or one or more payments related thereto, to a participant who permanently leaves . . . which payments by themselves or in combination with Social Security, Railroad Retirement, or workmen's compensation benefits provide a substantially level income to the recipient.

*United States v. Bacto-Undisk,* 394 U.S. 784, 89 S.Ct. 1410, 22 L.Ed.2d 726 (1969); *New York Shipbuilding Corp., supra.* Treas.Reg. § 1.411(a)–4(a), by impeding the attainment of this goal, is inconsistent with the statute. Accordingly, the defendant's reliance on it as a source of expanding the scope of permissible deductions from pension payments is misplaced. Section 1053 forbids the offsets found in the defendant's plan.[3]

### N.J.S.A. 34:15–29

The defendant also argues that the court erred in finding that the New Jersey law forbidding the offsets[4] (L.1977, c. 156, § 1, eff. July 14, 1977, amending N.J.S.A. 34:15–29) was not preempted by ERISA. The Third Circuit Court of Appeals recently

Under this regulation, the defendant argues, the Pension Benefit Guarantee Corporation (PBGC) has authorized reducing pension benefits if worker's compensation is provided. This regulation suffers from the same defects as does the Treasury Regulation, (Treas.Reg. § 1.411(a)–4(a)), except that it is without a statutory basis and derives no support from the legislative history.

**4.** The defendant again argues that preemption should be found under 29 U.S.C. § 1144(a) because the New Jersey law "relates to" pension plans. The defendant cites several cases in which preemption has been found. While those cases are useful in illuminating the Congressional intent underlying ERISA, the cases are not dispositive. "Our prior cases on preemption are not precise guidelines in the present controversy, for each case turns on the peculiarities and special features of the federal regulatory scheme in question." *City of Burbank v. Lockheed Air Terminal, Inc.,* 411 U.S. 624, 639, 93 S.Ct. 1854, 1862, 36 L.Ed.2d 547 (1973) (citations omitted). The same is also true with respect to the state regulation in question, for whether preemption by ERISA can be found will depend on the exact nature of the state laws. *Compare National Carriers' Conference Comm. v. Heffernan,* 454 F.Supp. 914 (D.Conn.1978) *and Standard Oil Co. of Cal. v. Agsalud,* 442 F.Supp. 695, 707 (N.D.Cal. 1977) *with Stone v. Stone,* 450 F.Supp. 919, 931–33 (N.D.Cal.1978) *and Gast v. State,* 36 Or.App. 441, 585 P.2d 15 (1978). The court's conclusion that the New Jersey Worker's Compensation Law does not "relate to" pensions will be adhered to. *See also Johnston v. Johnston,* 85 Cal.App.3d 900, 149 Cal.Rptr. 798 (1978).

enumerated the three grounds for preempting a state statute. In its motion for reconsideration, the defendant strongly contends that the New Jersey statute is invalid due to the second ground: " 'the nature of the regulated subject matter permits no other conclusion' but pre-emption." *Rogers v. Larson*, 563 F.2d 617, 621 (3d Cir. 1977), *appeal filed*, 435 U.S. 966, 98 S.Ct. 1603, 56 L.Ed.2d 57 (1978) (citations omitted). Elaborating further, the court stated that this basis for preemption existed when "the subject matter of the federal and local laws . . . must inherently either conflict or be duplicative. That is, under this test it is impossible for there to be local regulation in the subject area that does not conflict with or duplicate federal regulation." *Id.*

■ For the purpose of analyzing preemption, this court, in its earlier opinion, assumed *arguendo* that ERISA did not forbid the offsets and that the New Jersey law was not on its face inconsistent with the federal enactment. If Congress had plainly declared that deductions for worker's compensation payments were allowed, or if the New Jersey law frustrated the Congressional purpose, then the Supremacy Clause would compel the striking down of New Jersey's law. *Ray v. Atlantic Richfield Co.*, 435 U.S. 151, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978). Thus, in treating the preemption question, it will continue to be assumed that Congress has not addressed the permissibility of offsets, either to allow them or to prohibit them.[5] Under this assumption, it is clear the New Jersey statute is not preempted, based upon the wording of the second ground of *Rogers v. Larson, supra*. It neither duplicates nor conflicts with ERISA.

■ This conclusion, aside from being compelled by *Rogers v. Larson, supra*, also follows from general principles of preemption. In a field historically falling within the sphere of state regulation, preemption will not be found unless a clear Congressional intent to preempt is found. *Jones v.*

*Rath Packing Co.*, 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). As determined in my earlier opinion, that clear expression of intent is absent. New Jersey's statute lies within the allowable range of police activity that gives rise to the presumption against preemption.

> States possess broad authority under their police powers to regulate the employment relationship to protect workers within the State. Child labor laws, minimum and other wage laws, laws affecting occupational health and safety, and *workmen's compensation laws* are only a few examples.

*De Canas v. Bica*, 424 U.S. 351, 356, 96 S.Ct. 933, 937, 47 L.Ed.2d 43 (1976) (emphasis added). After noting that the California statute challenged as being preempted belonged in the category of traditional state police powers, the Court found no preemption under the preemption test that " 'the nature of the . . . subject matter permits no other conclusion.' " *Id., quoting Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 83 S.Ct. 1210, 10 L.Ed.2d 2148 (1963). *Rogers v. Larson, supra*, derives from this portion of *De Canas* its second ground for preemption; this shows that New Jersey's strong interest in worker's compensation will be a significant factor militating against finding preemption.

■ Another important rule in deciding preemption cases is that state and federal regulatory schemes should be harmonized, if possible. "[W]e may not overlook the body of law relating to the sensitive interrelationship between statutes adopted by the separate, yet coordinate, federal and state sovereignties." *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Ware*, 414 U.S. 117, 127, 94 S.Ct. 383, 389, 38 L.Ed.2d 348 (1973). The Court then went on to hold that California could apply its statute voiding restraints on competition, despite the fact that the rule which the petitioner sought to enforce had been promulgated pursuant to

5. Consonant with the earlier opinion, the court still views the legislative history as being one consistent with the forbidding of offsets. To the extent that this history reveals Congressional intent to be unclear, in no way can the legislative history be said to support the contrary conclusion, that offsets were to be permitted.

federal statute. The Court observed that "California has manifested a strong policy of protecting its wage earners from what it regards as undesirable economic pressures affecting the employment relationship. This policy prevails in the absence of interference with the federal regulatory scheme." *Id.* at 139–40, 94 S.Ct. at 396.

Accordingly, given that the New Jersey statute neither duplicates nor conflicts with ERISA, that worker's compensation forms an area of strong public interest to New Jersey, *see* 456 F.Supp. at 873, and that the court is under a duty due to the nature of the federal system to try to validate proper exercises of the state police power, preemption does not exist. The offsets by the defendant are therefore barred by the "unless prohibited by law" clause.

*Conclusion*

Upon reconsideration, the previous decision of this court is followed.